NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JASON W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, C.W., *Appellees*.

No. 1 CA-JV 17-0140
FILED 10-3-2017

---

Appeal from the Superior Court in Maricopa County
No.  JS18373
The Honorable John R. Ditsworth, Judge

**AFFIRMED**

---

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

---

D O W N I E, Judge:

¶1         Jason W. ("Father") challenges the superior court's determination that terminating his parental rights was in the best interests of his daughter, C.W.  Because Father has shown no error, we affirm the order.

### FACTS[1] AND PROCEDURAL HISTORY

¶2         The Department of Child Safety ("DCS") took C.W. into care five days after her birth in September 2015.  In March 2016, DCS petitioned to terminate Father's parental rights, alleging he was unable to discharge his parental responsibilities because he chronically abused drugs, the court had terminated his rights to another child for the same cause, and termination was in C.W.'s best interests.  *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), (10).  DCS later amended its petition to also allege time-in-incarceration as a third statutory basis for termination.  A.R.S. § 8-533(B)(4).

¶3         In a detailed minute entry following a January 2017 contested hearing, the superior court found that DCS had proven the statutory grounds alleged by clear and convincing evidence and found, by a preponderance of the evidence, that termination was in C.W.'s best interests.  This Court has jurisdiction over Father's timely appeal pursuant to A.R.S. §§ 8-235(A), 12-120.21(A), and 12-2101(A).

### DISCUSSION

¶4         To terminate parental rights, a court must find, by clear and convincing evidence, at least one statutory ground articulated in A.R.S. § 8-533(B) and must also find by a preponderance of the evidence that termination is in the child's best interests. *See Kent K. v. Bobby M.*, 210 Ariz.

---

[1]     This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207, ¶ 2 (App. 2008).

279, 288, ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248-49, ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights if it is supported by reasonable evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (citation omitted).

**¶5**        Father does not challenge the superior court's findings on the three statutory grounds for severance. He argues only that the court abused its discretion by finding that termination was in C.W.'s best interests.

**¶6**        The best interests consideration requires a court to assess "how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004) (citation omitted). The best interests requirement may be met if the child is adoptable or the existing placement is meeting the child's needs. *Id.*

**¶7**        The DCS case manager testified that terminating Father's parental rights was in C.W.'s best interests. She explained that Father had never met C.W., had no relationship with her, and could not nurture a relationship with her while incarcerated. She testified that denying severance would deprive C.W. of a normal parental relationship during her formative years and delay permanency, stability, supervision, and support. Evidence established that C.W. is adoptable and that her current placement is willing to adopt her.

**¶8**        Father asserts that he desires a relationship with C.W. and contends there is a possibility he could develop that relationship and parent C.W. after his release from prison. The superior court considered Father's desire for a relationship with C.W., but also noted he has never seen the child, has not sent her any cards or gifts, and cannot support her while incarcerated. Ultimately, the court concluded Father's absence would deprive C.W. of the opportunity to establish a bond and have a normal parental relationship, whereas termination would provide her with a safe, stable, drug-free adoptive home. The court considered the totality of the circumstances in concluding that termination was in C.W.'s best interests, and reasonable evidence supports that finding.

## CONCLUSION

**¶9**        We affirm the order terminating Father's parental rights to C.W.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4